UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| BUCKS COUNTY EMPLOYEES RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | No. 2:23-cv-00982-MHW-KAJ <br><br> CLASS ACTION |
| Plaintiff, | ) ) | Judge Michael H. Watson <br> Magistrate Judge Kimberly A. Jolson |
| vs. | ) ) | |
| NORFOLK SOUTHERN CORPORATION, et al., | ) ) ) ) | |
| Defendants. | ) ) ) | |

PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER AS TO WHY VENUE IS PROPER IN THE EASTERN DIVISION

| | |
|---|---|
| MURRAY MURPHY MOUL + BASIL LLP <br> JOSEPH F. MURRAY (0063373) <br> 1114 Dublin Road <br> Columbus, OH  43215 <br> Telephone:  614/488-0400 <br> 614/488-0401 (fax) <br> murray@mmmb.com | ROBBINS GELLER RUDMAN <br>    & DOWD LLP <br> SAMUEL H. RUDMAN <br> 58 South Service Road, Suite 200 <br> Melville, NY  11747 <br> Telephone:  631/367-7100 <br> 631/367-1173 (fax) |

[Additional counsel appear on signature page.]

4863-8992-8553.v1

On June 7, 2023, Norfolk Southern Corporation ("Norfolk Southern" or the "Company"), Alan H. Shaw, James A. Squires, and Mark R. George (collectively, "Defendants") submitted Defendants' Response to Plaintiff's Response to Show Cause Order as to Why Venue Is Proper in the Eastern Division (ECF 36) ("Defendants' Response"). Plaintiff Bucks County Employees Retirement System ("Plaintiff") respectfully submits this Reply to Defendants' Response.

Defendants accuse Plaintiff of ignoring salient local rules and engaging in "irrelevant" arguments under 28 U.S.C. §1404(a). Defendants' Response, ECF 36 at PageID 317. Because these arguments misread both the Court's Show Cause Order (ECF 27) ("Order") and the Local Civil Rules for the United States District Court for the Southern District of Ohio ("Local Rules"), they merit no consideration.

Defendants contend that "Plaintiff's Response to the Order does not even mention the applicable local rule," citing Local Rule 82.1(d). Defendants' Response, ECF 36 at PageID 315-16. Yet, there is good reason for skepticism as to that rule's applicability here. For starters, citation to Local Rule 82.1(d) is conspicuously absent from the Order. Order, ECF 27 at PageID 232-33. More fundamentally, Defendants have identified the *wrong* governing rule in the context of this litigation, since Local Rule 82.1(d) governs venue in cases involving corporate defendants who are "deemed to reside in this District." S.D. Ohio Civ. R. 82.1(d). The proper rule governing the venue in this case is Local Rule 82.1(e), which applies to cases where, as here, "no defendant is a resident of this District," and provides that venue lies where "a substantial part of the events or omissions giving rise to the claim occurred." S.D. Ohio Civ. R. 82.1(e). That requirement is satisfied by Defendants' lobbying activities in the Eastern Division of this District.[1] *See* Plaintiff's Response to Show Cause Order ("Plaintiff's Response"), ECF 30 at PageID 244-46.

---

[1] In addition to the fact that Norfolk Southern engaged in lobbying in this District, venue is independently proper here under the terms of the Exchange Act. *See SEC v. Elecs. Warehouse, Inc.*, 689 F. Supp. 53, 74 (D. Conn. 1988) (Exchange Act's venue provision "represents an affirmative

- 1 -

- 2 -

Defendants next argue that Plaintiff makes "irrelevant" arguments under 28 U.S.C. §1404(a). Defendants' Response, ECF 36 at PageID 317. However, unlike Local Rule 82.1, which made no appearance in the Order, the Court *specifically cited* to §1404(a), recounting that "[f]or the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Order, ECF 27 at PageID 232 (citing 28 U.S.C. §1404(a)). This is a strong indication, in Plaintiff's opinion, that the Court does not find §1404(a) to be irrelevant with respect to the determination of the proper venue of this case, and therefore Plaintiff responded to the Court's Order with argument according to the Sixth Circuit's interpretation of that statute.

Because Defendants failed to heed either the Order or the Local Rules, their groundless arguments do nothing to disrupt the good cause shown by Plaintiff that venue is more convenient in the Eastern Division of this District. *See generally* Plaintiff's Response, ECF 30. Thus, Plaintiff respectfully requests this Court retain venue.

DATED: June 12, 2023    MURRAY MURPHY MOUL + BASIL LLP
JOSEPH F. MURRAY

s/ Joseph F. Murray
JOSEPH F. MURRAY (0063373)

1114 Dublin Road
Columbus, OH 43215
Telephone: 614/488-0400
614/488-0401 (fax)
murray@mmmb.com

---

congressional policy choice to allow plaintiffs in securities cases the widest possible choice of forums in which to sue"), aff'd sub nom. SEC v. Calvo, 891 F.2d 457 (2d Cir. 1989), cert. denied, 496 U.S. 942 (1990).

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
JASON C. DAVIS (admitted *pro hac vice*)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
jdavis@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
ASHLEY M. PRICE (admitted *pro hac vice*)
JACK ABBEY GEPHART (admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)
aprice@rgrdlaw.com
jgephart@rgrdlaw.com

Attorneys for Plaintiff

- 3 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on June 12, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

    s/ Joseph F. Murray
JOSEPH F. MURRAY

MURRAY MURPHY MOUL + BASIL LLP
1114 Dublin Road
Columbus, OH  43215
Telephone:  614/488-0400
614/488-0401 (fax)

Email:  murray@mmmb.com

4863-8992-8553.v1

# Mailing Information for a Case 2:23-cv-00982-MHW-KAJ Bucks County Employees Retirement System v. Norfolk Southern Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael G. Bongiorno**
  Michael.Bongiorno@wilmerhale.com

- **Jason C Davis**
  jdavis@rgrdlaw.com,aprice@rgrdlaw.com,jgephart@rgrdlaw.com

- **R Leland Evans**
  revans@dmclaw.com,rsilk@dmclaw.com,mkelley@dmclaw.com,ckrueper@dmclaw.com,mkleinman@dmclaw.com

- **George H Faulkner**
  faulkner@fhplaw.com,rosa@fhplaw.com

- **Scott Alan Fenton**
  sfenton@dmclaw.com,bguess@dmclaw.com

- **Jack Abbey Gephart**
  jgephart@rgrdlaw.com

- **Tamar Batya Kaplan-Marans**
  Tamar.Kaplan-Marans@wilmerhale.com

- **Mark David Landes**
  mlandes@isaacwiles.com,jslusser@isaacwiles.com,cbittner@isaacwiles.com

- **Joseph F Murray**
  murray@mmmb.com,tiffany@mmmb.com,stephaniec@rgrdlaw.com,creis@ecf.courtdrive.com,tiffany@ecf.courtdrive.com,murray@ecf.courtdrive.com,BCochran@rg

- **Ashley Marlene Price**
  aprice@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`